CIVIL ACTION NO.: _____

JURY DOCKET

| | |
|---|---|
| DAN HAVEL, and §<br>DEAN RUCK §<br>  PLAINTIFFS, §<br>§<br>     V. §<br>§<br>HONDA MOTOR COMPANY LTD., §<br>AMERICAN HONDA MOTOR CO., INC., §<br>HONDA NORTH AMERICA, INC., §<br>DENTSU MCGARRY BOWEN LLC, §<br>DENTSU AMERICA LLC, §<br>DENTSU HOLDINGS USA, INC., §<br>DENTSU MCGARRY BOWEN UK LTD., §<br>THE MILL GROUP, INC., and §<br>ROGUE FILMS LTD. § | IN THE UNITED STATES DISTRICT<br>COURT, FOR THE SOUTHERN DISTRICT<br>OF TEXAS – HOUSTON DIVISION |

## **PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiffs Dan Havel and Dean Ruck file this suit against Honda Motor Company Ltd., American Honda Motor Co., Inc., Honda North America, Inc., Dentsu McGarry Bowen LLC, Dentsu America LLC, Dentsu Holdings USA, Inc., Dentsu McGarry Bowen UK Ltd., The Mill Group, Inc., and Rogue Films Ltd. and show the following:

**Nature of the Action**

1.     This is a civil action for damages and to enjoin acts of copyright infringement under federal law, copyright infringement under the Copyright Act of the United Kingdom, common law fraud, misappropriation, unjust enrichment, and for attorneys' fees under Texas law. This action arises out of the Defendants' infringement and theft by deceit of copyrighted artwork and derivative works created by Havel and Ruck and protected by federal, UK and Texas law.

**Jurisdiction and Venue**

2.     This Court has jurisdiction of the subject matter of this claim under 28 U.S.C. §§1331,

ORIGINAL COMPLAINT 1

1332, and 1338 and this Court's pendent and ancillary jurisdiction. This Court has personal jurisdiction over the parties and venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the event giving rise to the claims occurred in this judicial district and a substantial part of the property that is the subject of the actions is situated in this district.

## The Parties

3. Plaintiffs Dan Havel and Dean Ruck ("Havel and Ruck") are United States citizens residing in Houston, Texas. Havel and Ruck are the creators and owners of a copyrighted work to a sculpture known as "Inversion."

4. Defendants Honda Motor Company, Ltd., American Honda Motor Co., Inc., and Honda North America, Inc. (collectively "Honda") are automobile design, manufacturing, marketing and/or distribution corporations doing business in all 50 states. Each of these defendants has received valuable benefits from both the domestic and foreign publication and distribution of the infringing works that are the subject of this Lawsuit, in which Honda, directly or in concert with and through its agents/co-defendants, illegally published the infringing works both domestically and abroad, and which were misappropriated from the plaintiffs, in whole or part, in Houston, Texas.

5. Honda Motor Company, Ltd. is a foreign corporation organized under the laws of Japan and has its principal place of business at 1-1, 2-Chome, Minami-Aoyama, Minato-ku, Tokyo 107-8556 Japan. Honda Motor Company, Ltd. is the parent and owns 100% of American Honda Motor Co., Inc., and Honda North America, Inc.

6. American Honda Motor Co., Inc. is a California corporation with its principal place of business at 1919 Torrance Boulevard, Torrance, California 90501-2746.

7. Honda North America, Inc. is a California corporation with its principal place of

business at 700 Van Ness Avenue, Torrance, California 90501.

8.     Defendants Dentsu McGarry Bowen LLC, Dentsu America LLC, Dentsu Holdings USA, Inc., and Dentsu McGarry Bowen UK Ltd., ("McGarry Bowen") are part of a world-wide advertising organization knows as the Dentsu Network, and conducts their business world-wide, including in Texas. Each of these defendants has received valuable benefits from both the domestic and foreign publication and distribution of the infringing works that are the subject of this Lawsuit, in which McGarry Bowen, directly or in concert with and through its agents/co-defendants, illegally published the infringing works both domestically and abroad, and which were misappropriated from the plaintiffs, in whole or part, in Houston, Texas.

9.     Dentsu McGarry Bowen LLC is a New York limited liability company, with its principal place of business at 601 West 26th Street, Suite 1150, New York, New York 10001.

10.    Dentsu America LLC is a Delaware limited liability company, with its principal place of business at 601 West 26th Street, Suite 1150, New York, New York 10001.

11.    Dentsu Holdings USA, Inc. is a New York corporation, with its principal place of business at 32 Ave of Americas, 16th Floor, New York, New York 10013.

12.    Dentsu McGarry Bowen UK Ltd. is a foreign corporation organized under the laws of the United Kingdom and has its principal place of business at 10 Hills Place, London W1F 7SD United Kingdom.

13.    The Mill Group, Inc. is a New York corporation, with its principal place of business at 451 Broadway, 5th Floor, New York, New York 10013. The Mill Group, Inc. has received valuable benefits from both the domestic and foreign publication and distribution of the infringing works that are the subject of this Lawsuit, in which The Mill Group, Inc., directly or in concert with and through its agents/co-defendants, illegally published the infringing works

both domestically and abroad, and which were misappropriated from the plaintiffs, in whole or part, in Houston, Texas.

14.     Rogue Films Ltd. is a foreign corporation organized under the laws of the United Kingdom and has its principal place of business at 141 Wardour Street, London W1W0UT United Kingdom.

15.     Throughout the time period of events relevant to Havel and Ruck's claims in this action, and continuing through the present, each of the named Defendants, individually, or jointly, acting in concert, has infringed and is continuing to infringe Havel and Ruck's copyrighted sculpture and derivative works, and has committed and is continuing to commit the breaches and torts complained of below, or has actively assisted one or more of the other named Defendants in doing so. Likewise, throughout the time period of events relevant to Havel and Ruck's claims in this action, and continuing through the present, each of the named Defendants has acted and is continuing to act as each other's agents in the acts of copyright infringement, breaches, and torts complained of below. Together, and taken as a whole, the actions of the Defendants constitute a combination of two or more persons to accomplish an unlawful purpose, in which there was an agreement to conspire, participation by each of the named Defendants in furtherance of the conspiracy, and the conspiracy proximately caused actual damage and loss to Havel and Ruck. Therefore, whenever it is alleged in this Complaint that any individual Defendant did or failed to do any act or thing, it is meant that all the Defendants, acting together and in concert, or as part of a civil conspiracy, or as each other's agents, did or failed to do the act or thing. For convenience, the named Defendants will be referred to collectively in this Complaint as "Honda" unless the context calls for different treatment.

**Plaintiffs Havel and Ruck Copyrighted Works and Intellectual Property**

16. Dan Havel and Dean Ruck are the creators of a sculptural work called "Inversion." Havel and Ruck created the work in Houston, Texas in 2005 and published the work on May 1, 2005. Inversion is an original work that is copyrighted under United States law. On February 20, 2013, Havel and Ruck applied to the copyright office and received a Certificate of Registration for Inversion, also dated February 20, 2013, bearing the Registration Number VA 1-847-027. Photos of the work submitted with the registration from the Copyright Office, along with a copy of the certificate itself, are attached to this Complaint as Exhibit 1.

17. Inversion is a sculpture originally made from the wooden boards of a house and shaped into a portal-like conical structure leading from the front of a house to the back. As more fully shown in the copyright registration, the boards flare outward in varying lengths along the periphery of the cone and have varying coloration along the length of some of the boards. The cone is largest on the front of the house tapering back towards the back of the cone.

18. Inversion has received numerous awards and acclamation in the art community throughout the world and is featured in several art books and other publications. Photographs of Inversion have been widely available on the Internet and viewed by millions of people around the world. Dan Havel and Dean Ruck are the owners of the copyrighted work and all derivative works pertaining thereto.

19. On or about August 1, 2012, following an unsolicited call, Dean Ruck received an email from a representative of Defendants Rogue Films and The Mill asking whether they could use a portal through a wooden house in an advertising campaign for Honda. Mr. Ruck asked to see a mock up of the advertisement to determine if it had any bearing on the copyrighted work to Inversion. Rogue films submitted to Mr. Ruck several generic versions of conical mockups, none

bearing any resemblance to Inversion. Based on the representations, as set forth in the mockups, that the proposed advertisement would not copy Havel and Ruck's copyrighted work, Ruck indicated that he did not believe a generic portal created any issue with the copyrighted work.

20. Days before the advertisement was to air on TV, Rogue submitted a link to a website to Mr. Ruck that contained the near finished video. The link was to a video that later was placed by Rogue and The Mill on YouTube, and also made available on the websites of Rogue, The Mill, and McGarry Bowen, which showed an identical version of a house with conical portal as created by Plaintiffs and copyrighted as Inversion. The advertisement was for a Honda CR-V and depicted a vehicle being driven into the sculpture's large opening with narration dubbed over by Garrison Keillor, famous for his radio show The Prairie Home Companion and the voice of Honda commercials. Defendants have admitted infringement of the copyrighted work by attributing the work to Havel and Ruck on the video and on the Rogue and The Mill websites.

21. Before the advertisement aired publicly, Havel and Ruck objected to the use of their copyrighted work to Inversion and told Rogue Films and The Mill to not use it without adequate compensation. Rogue offered Havel and Ruck a token amount and claimed they believed that they had obtained a license to use the work. There is no written license or other grant of rights from Havel or Ruck to anyone associated with the Honda commercial. Havel and Ruck clearly communicated to Rogue before the ad ran that it was a violation of their copyright and that it was not authorized or licensed in any manner.

22. Plaintiffs are informed and believe and on that basis allege that a physical version of Inversion was re-created by Defendants in Vancouver, British Columbia and which was a copy of the original work. This version was used in the making of the film. On information and belief, McGarry Bowen was hired by Honda to create an ad campaign for the UK and Europe. McGarry

Bowen in turned engaged and worked with The Mill and Rogue Films to develop the ad campaign and create print and video media in furtherance of the campaign.

23. The ad, called Honda Leap, was and is shown throughout the world and in this district on YouTube and is the central feature to the Honda CR-V European and UK campaign. It has been used in videos, television ads, print ads, and internet pages, and various derivative works have been created that also show the copyrighted work. Defendants McGarry Bowen, The Mill, and Rogue Films prominently display infringing works in their marketing materials and on their websites. Defendants worked together on this ad campaign and contributed to the creation of several infringing works.

**FIRST CAUSE OF ACTION—DAMAGES FOR COPYRIGHT INFRINGEMENT**

24. Havel and Ruck incorporate by reference paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. 17 U.S.C. §106 states that the owner of a copyright has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies; (2) to prepare derivative works based upon the copyrighted work; and (3) to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending. In violation of law, Defendants had access to and obtained visual depictions of Inversion and illegally, and on false pretenses, and without a right or authorization to do so created numerous infringing copies and derivative works. The Defendants have shown the video domestically, in Houston, Texas, and abroad, without authorization or right since 2012, and they continue to do so. The Defendants are therefore infringing users, in violation of law.

    A. The Defendants committed domestic acts of infringement, including illegally and without authorization showing videos of the work in the United States,

        the United Kingdom, Europe and throughout the world, illegally and without authorization;

  B.    The Defendants have obtained benefits and profits from the illegal use of the copyrighted work originally obtained by viewing the work in the United States, the United Kingdom, Europe and throughout the world;

  C.    The Defendants are liable for contributory infringement by, with knowledge of the infringing use, inducing, causing and materially contributing to the infringing conduct occurring in the United States, the United Kingdom, Europe and throughout the world.

26. Defendants have violated Havel and Ruck's copyrights in the use and control of Inversion. Defendants are infringers of Havel and Ruck's copyrights, as set forth above. Havel and Ruck have suffered actual damages as a result of the infringement, including lost fees for use of the copyrights. Defendants have generated profits and advantages from the illegal use of the copyrighted work including, but not limited to, fees generated to create and place the advertising campaign, the video, print ads, and in the sale of Honda motor vehicles attributable to the use of the copyrighted work. Defendants are liable to Havel and Ruck for their actual damages and profits attributable to the infringement.

## COUNT TWO—INFRINGEMENT OF UK COPYRIGHT LAW

27. Havel and Ruck incorporate by references paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Copyright infringement under the common law of the United Kingdom provides for damages and an accounting of profits for infringement of a copyrighted work and all uses in derivative works. The copyright in the work was obtained in 2005 upon creation of the work,

and under the Berne Convention is recognized by the United Kingdom and all of the countries in the European Union without regard to further acts of registration.

29. Under the Copyright, Designs and Patents Act 1988 (hereinafter "The Copyright Act"), infringement of a copyright is compensable in actual damages and an accounting of profits. As residents of the United States, a Berne Convention country, Havel and Ruck are entitled to make a claim under the Copyright Act.

30. Havel and Ruck are entitled to an award of damages and/or profits due to Defendants infringing use of the copyrighted work. Havel and Ruck are also entitled to injunctive relief to prevent further use of the copyrighted work in the UK or Europe.

## COUNT THREE—FRAUD AND MISREPRESENTATION

31. Havel and Ruck incorporate by reference paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. The Defendants made false representations of fact to induce Havel and Ruck to provide verbal approval to a generic portal concept, or failed to disclose material facts, which they had a duty to disclose. The details concerning these representations and omissions of material fact are set forth above at paragraph 19 and elsewhere in this Complaint. By misrepresenting the nature of its use of the portal concept, Rogue delayed action by Havel and Ruck while all the time Rogue, The Mill and McGarry had the intention of using a copy of Inversion.

33. Havel and Ruck relied on the false representations or nondisclosures to a material degree, including by losing any ability to demand payment in advance for the use of their copyrighted work, and because they were induced by fraud to forbear taking legal remedies and seeking an injunction prior to the airing of the commercial.

34. Havel and Ruck's reliance on the false representations or nondisclosures caused

damages to Havel and Ruck.

35. Havel and Ruck are also entitled to an award of exemplary damages because Havel and Ruck have suffered harm resulting from fraud, malice or gross negligence, as those terms are defined at Chapter 41 of the Texas Civil Practices and Remedies Code, and because the conduct was committed knowingly or intentionally. Havel and Ruck plead that the amount of exemplary damages may be unlimited, subject only to the discretion of the jury and constitutional bounds.

## COUNT FOUR—QUANTUM MERUIT, UNJUST ENRICHMENT

36. Havel and Ruck incorporate by reference paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. The Defendants have been unjustly enriched by their wrongful actions. Under the circumstances, Havel and Ruck had a reasonable expectation that they would be paid for use of their copyrighted work. Indeed, Defendants admit as much in offering a token amount to Havel and Ruck after the work was improperly used. Further, Honda has featured the work in a successful ad campaign for the Honda CR-V throughout the United Kingdom and Europe, as well as through their proxy co-defendants in the United States, which has enhanced the sales of cars generating profits to Honda. McGarry Bowen, The Mill and Rogue, received money for the creation and media placement of the ad campaign and those profits are attributable to the copyrighted work. Defendants knew they were using a copyrighted work having attempted unsuccessfully to obtain authorization from the creators of the work. Before the advertisement was publicly aired, Defendants knew and were told by Havel and Ruck that their use was unauthorized, unlicensed and in violation of the copyright.

38. Havel and Ruck are entitled to a disgorgement of all benefits, profits and revenues obtained by the Defendants from their wrongful conduct under quantum meruit, or to replace

avoided license fees, in connection with that conduct. The Defendants' conduct was willful and malicious and without justification.

## COUNT FIVE—ATTORNEYS' FEES

39. Havel and Ruck incorporate by reference paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40. Because of Defendants' breach, misappropriation, conversion, and fraud related to its misuse of Havel and Ruck's copyrighted artwork, Havel and Ruck have been required to hire attorneys referenced below to seek affirmative relief sought by this Claim. Through this Complaint, Havel and Ruck hereby present their claim to Defendants for the just amount due. If the just amount is not tendered by the Defendants within 30 days from receipt of this demand, Havel and Ruck shall be entitled to recover reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code.

41. Havel and Ruck are also entitled to attorneys' fees under the copyright law if they prevail on Count One.

## COUNT SIX—INJUNCTIVE RELIEF

42. Havel and Ruck incorporate by reference paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

43. The Defendants are continuing to use and infringe copyrighted material belonging to Havel and Ruck. The harm to Havel and Ruck is ongoing. Unless enjoined now, and after trial, permanently, from this illegal infringement, the harm will be irreparable and Havel and Ruck have no adequate remedy at law. Injunctive relief is available under Rule 65 and under 17 U.S.C. §§502 &1203 and under the Copyright Act of the UK. Havel and Ruck therefore request that the court enter a preliminary injunction before trial, and thereafter, a permanent injunction,

prohibiting any additional infringing use of Havel and Ruck's copyrighted artwork, and prohibiting Defendants from generally using designs generated by use of Havel and Ruck's copyrighted artwork in the market.

## DEMAND FOR JURY TRIAL

44.     Havel and Ruck demand a jury trial on all issues for which a jury trial is permissible.

## PRAYER

WHEREFORE, Havel and Ruck request that the Defendants be cited to appear and answer and that Havel and Ruck obtain the following relief:

1. Judgment in favor of Plaintiffs for compensatory, actual, exemplary and multiplied damages in an amount to be proven at trial, for which Defendants should be jointly and severally liable;

2. After notice, a preliminary injunction under Rule 65, and thereafter upon a favorable verdict, a permanent injunction, preventing Defendants from additional infringement of Plaintiffs' copyrighted artwork and generally using designs generated by use of Plaintiffs' copyrighted artwork in the market;

3. Judgment that Defendants, jointly and severally, have infringed Plaintiffs' copyrights in Inversion;

4. Judgment that Defendants pay all damages, jointly and severally, under common law or by statute, including actual damages, sustained by Plaintiffs resulting from or proximately caused by Defendants' infringement of Plaintiffs' copyrights, and to compensate Plaintiffs for such infringement and that such damages be trebled for Defendants' willful infringement;

5. Judgment that Defendants account for and pay as damages to the Plaintiffs all profits and advantages gained from infringement of copyright under UK law, and all profits and advantages gained from infringing the Plaintiffs' copyrights;

6. Judgment that Defendants deliver for impoundment all copies of the infringing works and derivative works in the Defendants' possession or control;

7. Judgment that Defendants, jointly and severally, pay the Plaintiffs' costs, expenses, disbursements and attorneys' fees herein;

8. Judgment that Defendants pay pre-judgment and post-judgment interest, jointly and severally, at the maximum lawful rates; and

9. Any other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE FELDMAN LAW FIRM, P.C.**

By: _____/s/_____
ARTHUR S. FELDMAN
ATTORNEY-IN-CHARGE
Texas State Bar No.: 06886600
S.D. Bar No.: 15174
55 Waugh Dr., Suite 800
Houston, Texas 77002
Telephone: (713) 586-1616
Facsimile: (713) 586-1617
arthur@feldmanlawfirm.com

MASON& PETRUZZI
JAMES D. PETRUZZI
Texas State Bar No. 15853280
S.D. Bar. No.: 13827
4900 Woodway Drive, Suite 745
Houston, Texas 77056
Tel: (713) 840-9993
Fax: (713) 877-9100
JPetruzzi@MasonPetruzzi.com

Attorneys for Plaintiffs Dan Havel and Dean Ruck